May, J.
delivered the opinion of the court. The writ of error was asked on the same grounds on which the motion in arrest of judgment was founded; and it is now further contended, that the_ indictment cannot be sustained on the *722 4th section of the statute, because it does not charge the of-fence to have been committed “ to the prejudice of another’s rightand also because it is not alleged to have been done “ for his own benefit or for the benefit of .another.”
Whether the bank was chartered, no where appears ¡ but it must be presumed, that the prisoner was not prosecuted under the 1st section of the statute, because the minimum term of imprisonment therein, is ten years; the reasons in arrest of judgment state that the prosecution was founded on the 4th section; and the. bank is no where alleged to have been chartered. We regard the indictment, therefore, as one on the 4th section, which prohibits the counterfeiting of various public certificates, warrants, and other writings, particularly enumerated therein; and the uttering or publishing of such counterfeits as true. Among them, we find “any deed, bond, loriting or note;” “any letter of credit, or other writing to the prejudice of another’s right.” In the latter part of the same section, it is provided, that if any person “ shall, with the like intent, (to defraud &c.) utter or publish as true, or attempt, in any manner, to use or employ as true, for his own benefit or for the benefit of another, any false, forged, counterfeit, altered or erased, paper or writing, as is aforesaid, knowing the same to be false &c.” he shall be guilty of felony; and there is an exception of “ the bank notes, bills, post notes and checks,” mentioned in the three preceding sections. If the note in question was the note of an unchartered bank, it is not embraced by either of those three first sections; and it has been said, that the legislature did not intend to prohibit the counterfeiting of the notes of such banks. At the revisal of 1819, the notes of every bank, chartered by the U. States, or either of the states, were, for the first time, placed on the same footing, as to this class of offences, with the notes of the banks of this state. Previously, there was no express provision for the offence of counterfeiting the notes of any bank of another state, whether chartered or not; but there was one in relation to notes generally, similar to that in the 4th section of the present statute. And this court decided in Hensley’s case, 2 Virg. Ca. 149. *723 that the passing of a counterfeit note, purporting to be of a bank in another state (without inquiring whether it was chartered or not), was felony, because the words of the statute then in force comprehended all notes. And we are all of opinion, that the words any note, in the present statute, in like manner, embrace the notes of unchartered banks. Although the legislature designed, by another statute, to suppress such banks in this state, we have no reason to believe that it intended to interfere with the policy of other states which may permit them. And, certainly, there is nothing in either statute, from which we can infer, that the legislature would tolerate the offence of forgery, for the mere purpose of endeavouring to suppress unchartered banks.
As to the objection, that the indictment does not charge the act to have been commited “ to the prejudice of another’s right;” we are of opinion, that these words relate, not to the different writings particularly mentioned in the previous part of the section, the counterfeiting of most of which had, long before, been made felony; but only to the words immediately connected with them ; “ any other writing, to the prejudice of another’s right.” So too, in the last part of the section, the words “ for his own benefit, or for the benefit another,” are not properly connected with the offence of uttering and publishing as true, any of the forged writings and papers therein stated ; but only with that of attempting to use or employ them for his own benefit, or for the benefit of another. These terms "were probably intended to apply to the various warrants, certificates and writings of public officers, which a person might attempt so to use or employ.
On the whole, then, we are of opinion that the note of an unchartered bank is not embraced by the 1st section of the statute, but is clearly embraced by the words any note in the 4th section; that the words “to the prejudice of another’s right,” relate only to the forging of other writings not particularly named; and that the words “ for his own benefit or for the benefit of another,” refer, not to the actual utterring and publishing as true, of counterfeit notes &c. *724 but to the mere attempt to use or employ them and the other writings mentioned.
So far, there is no error in the judgment; but the court below erred in sentencing the petitioner to solitary confinement for one fourth part of the term of his imprisonment. There have been divers statutory provisions on this subject; but there is now one which fixes the maximum period to one twelfth; while the old penitentiary law established the same proportion for the minimum. The judgment must be reversed for this error, and the proper judgment entered, according to the precedent of Brooks's case, 4 Leigh 669.